

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SHANE MATTHEW TEW,

    Plaintiff,

v.                                                                          Civil Action No. 2:21-cv-641

HAMPTON ROADS REGIONAL
JAIL AUTHORITY, et al.,

    Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court are Defendant Hampton Roads Regional Jail Authority's ("HRRJA") and Defendants Wellpath, LLC and Correct Care Solutions, LLC's (collectively, "Wellpath") Motions to Dismiss ("Motion" or "Motions") Plaintiff Shane Matthew Tew's ("Plaintiff") Complaint with accompanying memoranda, pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). HRRJA Mot. Dismiss, ECF No. 3; Mem. Supp. HRRJA Mot. Dismiss, ECF No. 4; Wellpath Mot. Dismiss, ECF No. 11; Mem. Supp. Wellpath Mot. Dismiss, ECF No. 12. The Court has reviewed the parties' pleadings, including any response by Plaintiff and subsequent reply by Defendants, and this matter is ripe for determination.[1] Pl.'s Resp. HRRJA Mot. Dismiss, ECF No. 21; HRRJA Reply, ECF No. 22. For the reasons stated below, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**.[2]

---

[1] A hearing on the Motions is not necessary, and the parties' requests for a hearing are **DENIED**. Hr'g Requests, ECF Nos. 5, 13, 23.

[2] Plaintiff filed a Response to HRRJA's Motion to Dismiss on January 10, 2022. Plaintiff states that he has "elected to narrow his Complaint . . . to the § 1983 claims set forth in Counts Four and Five . . ." and "elects not to pursue the state law claims against [HRRJA] or the remaining claims . . . against [Wellpath]." Pl.'s Resp. HRRJA Mot. Dismiss at 1, n.1. Plaintiff's response goes on to only mention HRRJA, and Plaintiff never contests the arguments raised in Wellpath's Motion to Dismiss. *Id.* at 1–4. Accordingly, the Court finds that Plaintiff abandoned his claims against Wellpath and only maintains claims against HRRJA on Counts Four and Five of his Complaint.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff first filed this action in the Portsmouth, Virginia Circuit Court on May 20, 2019 (Case No. CL190002251-00). HRRJA Mot. Dismiss at 2. The court entered a non-suit order on May 20, 2020. *Id.* Plaintiff re-filed his action in the same court on November 20, 2020 (Case No. 740 CL20004994-00). *Id.* With the consent of Wellpath, HRRJA removed the action based on federal question jurisdiction to the Eastern District of Virginia on December 3, 2021. *Id.*

According to the Complaint, Compl., ECF No. 1 at Ex. A-3, on May 20, 2017, Plaintiff was an inmate at the Hampton Roads Regional Jail ("HRRJ") in Portsmouth, Virginia, which is operated by HRRJA. *Id.* at ¶ 1–2. On that day, an unidentified correctional officer allegedly "placed handcuffs on the Plaintiff in such an improper manner as to seriously injure [him]." Compl. ¶ 5. Plaintiff asserts that the improper handcuffing occurred due to unconstitutional "polic[ies], practice[s], custom[s], and usage[s] of acting with deliberate indifference" toward the security and medical needs of inmates. Compl. ¶¶ 13, 16. Based on those facts, which the Court considers true and construes in a light most favorable to Plaintiff, Plaintiff states the following in Counts Four and Five of his Complaint:

**Count Four:** HRRJA "had, on May 20, 2017, and for a considerable period of time prior ... a policy, practice, custom, and usage of acting with deliberate indifference towards the security needs of inmates and subjecting inmates to cruel and unusual punishment," which caused Plaintiff "to be improperly handcuffed such that he was injured severely." Compl. ¶ 13.

**Count Five:** HRRJA "had, on May 20, 2017, and for a considerable period of time prior ... a policy, practice, custom, and usage of acting with deliberate indifference towards the serious medical needs of inmates and subjecting inmates to cruel and unusual punishment," which caused

Plaintiff's "serious medical needs as a result of the improper handcuffing [to be] neglected and ignored with deliberate indifference." Compl. ¶ 16.

HRRJA filed a Motion to Dismiss on December 3, 2021, stating that Plaintiff failed to plead facts sufficient to state a claim under 42 U.S.C. § 1983 on Counts Four and Five of his Complaint. Mem. Supp. HRRJA Mot. Dismiss at 3–8. Plaintiff responded, stating that he pled sufficient facts to state a claim. Pl.'s Resp. HRRJA Mot. Dismiss at 1–4. HRRJA filed a Reply on January 14, 2022, reasserting that Plaintiff has failed to plead a plausible § 1983 claim. HRRJA Reply at 1–3.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure ("FRCP") 12(b)(6)

FRCP 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For the purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officer*, 762 F.2d 30, 31–32 (4th Cir. 1985). Courts must accept all facts alleged in a complaint as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *abrogated on other grounds*, *Ashcraft v. Iqbal*, 556 U.S. 662 (2009); *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore*, 213 F.3d at 180. A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but the complaint must incorporate "enough facts to state a belief that is *plausible* on its face." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis added).

This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 677–78. Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). To achieve factual plausibility, plaintiffs must allege more than "naked assertion[s] . . . without some further factual enhancement." *Twombly*, 550 U.S. at 557. Otherwise, the complaint will "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.*

**B.   42 U.S.C. § 1983 Claims**

To establish a § 1983 claim based on municipal liability, "a plaintiff must show that [HRRJA] had an official policy or custom which caused a deprivation of decedent's constitutional or statutory rights." *Brown v. Mitchell*, 327 F. Supp. 2d 615, at 629 (E.D. Va. 2004); *see also Carter v. Morris*, 164 F.3d 215, 218 (4th Cir.1999) (explaining that only in cases where the municipality causes the deprivation "through an official policy or custom" will liability attach). "It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

> A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens,' or (4) through a practice that is 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter*, 164 F.3d at 218).

"The word 'policy' generally implies a course of action consciously chosen from among various alternatives." *Okla. City v. Tuttle*, 471 U.S. 808, 823 (1985). Furthermore, a plaintiff must show a "direct causal link between the municipal action and deprivation of federal rights." *Bd. of Cnty Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

### III. DISCUSSION

Plaintiff fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. Although courts will favorably construe a plaintiff's allegations and assume the facts alleged in the complaint are true, Plaintiff's facts are extremely limited in number, conclusory, and fall far below "plausibility." Plaintiff alleges that he was handcuffed "in such an improper manner as to seriously injure [him]." Compl. ¶ 5. He also alleges that such handcuffing was due to an unconstitutional policy of HRRJA, *id.* ¶ 14, in which HRRJA exhibits "deliberate indifference" towards the "security needs" and "serious medical needs of inmates." *Id.* ¶¶ 13, 16. Although "detailed factual allegations" are not necessary to achieve plausibility, *see e.g. Twombly*, 550 U.S. at 570, Plaintiff's Complaint is largely devoid of any factual allegations.

In this case, the only two concrete factual allegations Plaintiff provides are (1) that he was handcuffed and (2) that he sustained injuries after being handcuffed. Plaintiff does not describe in any fashion how he was improperly handcuffed, how such handcuffing resulted in his injuries, where on his body he was injured, or how those injuries were "serious." Moreover, Plaintiff does not provide the name of the implicated correctional officer or identify *any* policy or custom of HRRJA—much less one that promotes "deliberate indifference" towards inmates' needs or constitutional rights. Without any of these factual allegations, this Court must make "unwarranted inferences" or "unreasonable conclusions" to award Plaintiff relief. *Eastern Shore*, 213 F.3d at 180.

5

Therefore, Plaintiff has failed to plead sufficient facts to satisfy the four-prong test under 42 U.S.C. § 1983. He has failed to specifically identify (1) any express policy of HRRJA; (2) any decision by any person with final policymaking authority; (3) any omission, such as a failure to properly train officers; or (4) any practice that is persistent and widespread. *Lytle*, 326 F.3d at 471. As a result, he has certainly failed to sufficiently allege how any of the above deprived him of a federal statutory or constitutional right related to prisoners' medical and security needs. *Id.*; *Brown*, 520 U.S. at 404; *see also Messinger v. Moore*, No. 2:21-cv-19, 2021 U.S. Dist. LEXIS 150375 (E.D. Va. Aug. 10, 2021) (granting dismissal where the plaintiff failed to plead facts sufficient to establish municipal liability under 42 U.S.C. § 1983).

## IV. CONCLUSION

For these reasons, Defendants' Motions to Dismiss are **GRANTED**, and the parties' requests for a hearing are **DENIED**. Accordingly, Plaintiff's claims against Defendants are **DISMISSED WITH PREJUDICE**. The Clerk shall provide a copy of this Order to the parties and all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia
July 21, 2022

Raymond A. Jackson
United States District Judge